UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHELE BAKER, | CASE NO. 14cv800 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND IN PART |
| vs. | |
| ROMAN CATHOLIC ARCHDIOCESE OF SAN DIEGO; ROMAN CATHOLIC ARCHDIOCESE OF SAN DIEGO dba CATHEDRAL CATHOLIC HIGH SCHOOL; CATHEDRAL CATHOLIC HIGH SCHOOL, | |
| Defendants. | |

Defendant The Roman Catholic Bishop of San Diego ("RCBSD"), erroneously sued as Roman Catholic Archdiocese of San Diego, Roman Catholic Archdiocese of San Diego dba Cathedral Catholic High School and Cathedral Catholic High School, moves to dismiss all claims alleged in Plaintiff Michele Baker's disability, retaliation, and age discrimination complaint. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the FEHA claims with prejudice, grants the motion to dismiss all other claims without prejudice, and grants Plaintiff 15 days leave to amend the complaint from the date of entry of this order.

## BACKGROUND

On April 4, 2014, RCBSD removed this action from the Superior Court for the State of California, County of San Diego, based upon federal question jurisdiction under 28 U.S.C. §§1331, 1441, and 1446. The Complaint alleges six claims for relief: (1) disability discrimination in violation of Gov. Code §12940 et seq., Fair Employment and Housing Act (FEHA); (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 et seq.; (3) violation of California Family Rights Act ("CFRA"), Gov. Code §12945.2 et seq., FEHA; (4) age discrimination in violation of Gov. Code §12940 et seq., FEHA; (5) wrongful termination in violation of public policy; and (6) declaratory and injunctive relief. (Ct. Dkt. 1). All of Plaintiff's claims arise from the following generally described conduct.

Plaintiff, a 67 year old teacher, was employed by RCBSD for over 13 years at Cathedral Catholic High School ("CCHS"). (Compl. ¶¶4, 7, 8). On August 23, 2012, Plaintiff "sustained and/or aggravated and/or developed perceived and/or physical disability(s) including, but not limited to, concussions, vision problems, associated conditions and others from work activity." (Compl. 9). After sustaining the condition, Plaintiff requested, and received, a one week leave of absence under the CFRA. (Compl. ¶12). Plaintiff filed a workers compensation claim. After this incident, RCBSD allegedly began "harassing, discriminating against and retaliating against Plaintiff in terms and conditions of her employment." (Compl. ¶14).

In January 2013, RCBSD conducted a performance review of Plaintiff, the first review since 2009. The principal at CCHS "informed Plaintiff that various categories of work performance and work behavior were 'areas for growth' and that her contract was not being renewed." (Compl. ¶16). On August 8, 2013, Plaintiff alleges that she was "wrongfully terminated [] for no stated reason and/or the false and/or exaggerated and/or pretextual reason(s) that Plaintiff had performance problems." (Compl. ¶17). The court notes that Plaintiff characterizes the non-renewal of the employment contract as a wrongful termination.

# DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The FEHA Claims** (Claims 1, 3, and 4)

In broad brush, Plaintiff alleges that RCBSD violated FEHA by discriminating against her due to her disability, CFRA leave, and age. While FEHA prohibits discrimination by employers, religious associations or corporations are excluded from the definition of employer. Gov't Code §12926(d) ("'Employer' does not include a religious association or corporation not organized for private profit."); see Silo v. CHW Med. Found., 27 Cal.4th 1097, 1100 (2002) (Catholic hospital exempt from FEHA); Henry v. Red Hill Evangelical Church of Tustin, 201 Cal.App.4th 1041, 1049-50 (2011) (school operated by Church is religious non-profit corporation and therefore not an employer for purposes of FEHA).

Plaintiff argues that the statutory scheme permits her claims to move forward. Cal. Gov't Code §12926.2(f) provides:

> (1) Notwithstanding any other provision of law, a nonprofit public benefit corporation formed by, or affiliated with, a particular religion and that operates an educational institution as its sole or primary activity, may restrict employment, including promotion, in any or all employment categories to individuals of a particular religion.
>
> (2) Notwithstanding paragraph (1) or any other provision of law, employers that are nonprofit public benefit corporations specified in paragraph (1) shall be subject to the provisions of this part in all other respects, including, but not limited to, the prohibitions against discrimination made unlawful employment practices by this part.

From these provisions, Plaintiff argues that RCBSD may restrict employment to individuals of a particular religion but all other forms of discrimination are prohibited under FEHA. While this argument has some support in the statute itself, the California Court of Appeals has rejected this argument.

In Henry, the plaintiff, a Catholic, taught preschoolers at a Lutheran school. The school permitted teachers of different Christian religions to teach at the school. The school was formed for nonprofit religious purposes and did not exist as a separate legal entity from the Lutheran church. Plaintiff became pregnant by her live-in boyfriend. While she initially informed the school that she intended to marry, that did not happen

and she continued to live with her boyfriend and baby. The school terminated plaintiff for living with her boyfriend and raising her son without being married. Plaintiff filed a complaint against the Lutheran church alleging that she was terminated based upon her marital status in violation of FEHA and public policy.

The plaintiff argued that Cal. Gov't Code §12926.2(f) permitted her to maintain a claim unrelated to her religious affiliation.

> Henry's argument that the church is subject to the FEHA under section 12926.2, subdivision (f) is unavailing. That subdivision permits a "nonprofit public benefit corporation formed by, or affiliated with, a particular religion and that operates an educational institution as its sole or primary activity" to restrict employment to individuals of a particular religion (§ 12926.2, subd. (f)(1)), but otherwise makes such nonprofit public benefit corporations subject to "the prohibitions against discrimination made unlawful employment practices by this part." (§ 12926.2, subd. (f)(2).) Henry points to no evidence indicating the school operated by the church as part of its ministry is a nonprofit public benefit corporation. (See Corp.Code, § 5110 et seq. [the Nonprofit Public Benefit Corporation Law]). To the contrary, the school has no independent legal status apart from the church.

Here, as in Henry, the defendant is a religious corporation, not a nonprofit public benefit corporation whose sole or primary activity is to operate an educational institution. The Request for Judicial Notice provides a copy of the articles of incorporation of the Roman Catholic Bishop of San Diego.[1] Consequently, the court concludes that RCBSD is not an employer for purposes of FEHA.

In sum, the court grants the motion to dismiss the FEHA claims without leave to amend.

**The ADA Claim** (Claim 2)

The elements of an employment claim under the Americans with Disability Act ("ADA") are (1) the claimant has a disability (as defined in 42 U.S.C. §12102(2)), (2) the claimant is qualified to perform the essential function of the job, (3) the claimant has suffered adverse employment action because of the disability. Hutton v. Elf Atochem North America, Inc., 223 F.3d 884, 895 (9th Cir. 2001).

---

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the articles of incorporation.

Here, Plaintiff fails to plead the first and third elements of an ADA claim. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of [the] individual [who claims the disability]," or "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). The Ninth Circuit in Weaving v. City of Hillsboro, — F.3d — (9th Cir. 2014), 2014WL3973411, recently articulated that the term "disability" is to be construed broadly to accomplish the purposes of the ADA.

> A 2008 amendment to the ADA provides, "The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). "The term 'substantially limits' shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008." Id. § 12102(4)(B). Those findings and purposes specifically express Congress's view that prior Supreme Court and lower court cases, as well as Equal Employment Opportunity Commission ("EEOC") regulations, had given "substantially limits" an unduly narrow construction. ADA Amendments Act of 2008, § 2(a)(4)-(8), Pub.L. No. 110–325, 122 Stat. 3553, 3553. "An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability." 42 U.S.C. § 12102(4)(C). According to post 2008 regulations promulgated by the EEOC,
>
> > An impairment is a disability ... if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.
>
> 29 C.F.R. § 1630.2(j)(1)(ii). Determining whether an impairment is substantially limiting "requires an individualized assessment." Id. § 1630.2(j)(1)(iv).

Id.

Plaintiff alleges that her disability consists of "concussions, vision problems, associated conditions and others." (Compl. ¶8). It is well-established that temporary conditions generally are not considered disabilities. 29 C.F.R. Part 1630 App.,

§1630.2(j) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, broken limbs, sprained joints, concussions, appendicitis, and influenza."); Sanders v. Arneson Products, Inc., 91 F.3d 1351 (9th Cir. 1996) (temporary condition which lasted less than four months was not a disability under the ADA). While Plaintiff alleges that she suffered a concussion and vision problems, apparently arising from her fall in August 2012, this allegation fails to establish that the concussion and vision problems substantially limited a major life activity within the meaning of the ADA. A temporary condition is not one that limits a major life activity.[2]

In sum, the court grants the motion to dismiss this claim with leave to amend.

**The CFRA Claim** (Claim 3)

In order to make a prima facie case of retaliation under CFRA, Plaintiff must allege (1) defendant was a covered employer; (2) plaintiff was eligible for CFRA leave; (3) plaintiff exercised her right to take CFRA leave; and (4) plaintiff suffered an adverse employment action because of taking CFRA leave. Rogers v. County of Los Angeles, 199 Cal.App. 4th 480, 491 (2011).

The complaint simply alleges that Defendant "harassed, discriminated against, retaliated against and terminated Plaintiff because of Plaintiff's entitlement and/or request and or taking of the right to medical leave in violation of" CFRA. Such conclusory pleading is insufficient to state a claim for relief. See Twombly, 550 U.S. at 555. The parties do not dispute that in August 2012, Plaintiff requested and received one week of CFRA leave. One year later, in August 2013, RCBSD did not renew Plaintiff's contract. Plaintiff cannot rely on the temporal proximity of these two events to establish that she suffered an adverse employment action because of taking CFRA leave.

---

[2] As Plaintiff fails to allege a cognizable disability, Plaintiff also fails to adequately allege that she suffered an adverse employment action because of her alleged disability. As a general proposition, the court notes that many of the complaint's boilerplate allegations fail to comply with Fed.R.Civ.P. 8(a).

In sum, the court grants the motion with leave to amend.

**The Wrongful Termination and Declaratory Relief Claim** (Claims 5-6)

To establish a claim for wrongful termination in violation of public policy, one must allege and prove that "he or she is discharged for performing an act that public policy would encourage, or for refusing to do something that public policy would condemn." Gantt v. Sentry Ins., 1 Cal.4th 1083, 1090 (1992). As explained by the California Supreme Court, "violations of public policy are found generally fall into four categories: (1) refusing to violate a statute, (2) performing a statutory obligation, (3) exercising a statutory right or privilege, and (4) reporting an alleged violation of a statute of public importance ." Id at 1090-91 (internal citations omitted).

Here, the wrongful termination claim in violation of public policy fails for two reasons. First, Plaintiff does not allege that she (1) refused to violate a statute, (2) performed a statutory obligation, (3) exercised a statutory right, or (4) reported an alleged violation of public importance. Second, while discharging a disabled individual on account of her disability would violate FEHA and ADA (and constitute a wrongful termination), Plaintiff fails to adequately allege that her discharge was on account of her alleged disability. Under these circumstances, Plaintiff fails to state a claim for wrongful termination.

Lastly, as Plaintiff fails to state a claim, she cannot currently obtain declaratory relief. The court also notes that Plaintiff has withdrawn her request for punitive damages.

As the court concludes that there may be circumstances under which Plaintiff may be able to state a claim, the court sua sponte grants Plaintiff 15 days leave to amend from the date of entry of this order. See Fed.R.Civ.P. 15(a).

In sum, the court grants the motion to dismiss all claims and grants Plaintiff

/ / /

/ / /

/ / /

1  leave to amend all claims except the FEHA-based claims which are dismissed with
2  prejudice and without leave to amend.
3  **IT IS SO ORDERED.**
4  DATED: August 26, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties