UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE BAKER,<br><br>         Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC ARCHDIOCESE OF SAN DIEGO; ROMAN CATHOLIC ARCHDIOCESE OF SAN DIEGO dba CATHEDRAL CATHOLIC HIGH SCHOOL; CATHEDRAL CATHOLIC HIGH SCHOOL,<br><br>         Defendants. | Case No.: 14CV800-JM(JMA)<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE APPLICATION TO CONTINUE EXPERT DISCOVERY DEADLINES** |

  On March 30, 2016, two days before the parties' deadline to designate their respective experts in writing, Defendants filed an ex parte application requesting the Court continue this deadline and the others relating to expert discovery for a period of no less than forty-five days. *Doc. No. 46*. Defendants seek the continuance on the basis they intend to file a motion for summary judgment, for which they have obtained a hearing date of May 9, 2016, and they would prefer not to bear the burden and expense of retaining experts, having them prepare reports, and participating in other expert discovery until Defendants' motion for summary judgment has been heard. *Id*. The motion for

1  summary judgment is reported to be predicated on testimony given by Plaintiff during her
2  deposition. *Id*. Plaintiff is amenable to a fifteen day continuance of the expert discovery
3  deadlines but otherwise opposes Defendants' ex parte application. *Doc. No. 47*.

4        Fed. R. Civ. P. 16(b)(4) allows a schedule to be modified for good cause and with
5  a judge's consent.  Rule 16(b)' s "good cause" standard primarily considers the diligence
6  of the party seeking the amendment. *See, e.g., Johnson v. Mammoth Recreations Inc.*,
7  975 F.2d 604, 609 (9th Cir.1992); *See also Rich v. Schrader* (S.D. Cal. 2013) 2013 WL
8  3710806 at 2. Thus, in order to demonstrate good cause, a party must demonstrate its
9  diligence in taking discovery and diligence in propounding or noticing the particular
10 outstanding discovery, and explain why it could not conduct the particular discovery
11 before the discovery cut off date. Although the existence or degree of prejudice to the
12 party opposing the modification might supply additional reasons to deny a motion, the
13 focus of the inquiry is upon the moving party's reasons for seeking modification.
14 *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end. *Id*.

15       Defendants' ex parte application fails to set forth good cause to continue all of the
16 expert discovery deadlines by 45 days. Defendants have made no showing as to why
17 Plaintiff's testimony could not have been obtained earlier, given that discovery has been
18 open since September 2015, or offered any explanation as to why either their ex parte
19 application or their motion for summary judgment could not be filed earlier, given that
20 Plaintiff's deposition was concluded on February 15, 2016. *Decl. of Michael
21 Fostakowsky*, ¶ 9.

22       Furthermore, such a continuance would necessitate a similar continuance of all
23 subsequent case management dates, including a continuance of the trial date, which is
24 currently set for January 9, 2017.  This case has been pending for some time and will be
25 nearly three years old by then. The Court, thus, is not inclined to disturb the trial date
26 without a strong showing of good cause, which has not been made.

27       Although good cause has not been demonstrated to continue all the expert
28 discovery deadlines, and consequently the remaining case management deadlines by 45

days, the Court agrees it is prudent for the parties to avoid the expense of expert discovery while Defendants' motion for summary judgment is pending, to the extent that can be accomplished without delaying the trial and other case management dates. The Court, therefore, GRANTS Defendants' ex parte application in part and resets the expert discovery dates as follows:

The parties shall designate their respective experts in writing and comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure by **June 10, 2016**.

The deadlines for exchange of rebuttal experts and for the parties to supplement expert disclosures regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) are continued to **June 24, 2016**.

All expert discovery shall be completed by all parties by **July 15, 2016**.

The parties should not construe the Court's continuance of these deadlines as a guarantee they will have a ruling on Defendants' motion for summary judgment by a date certain. It is quite possible the outcome of that motion will not be known until the parties have undertaken expert discovery.

**IT IS SO ORDERED.**

Dated:        April 5, 2016

Honorable Jan M. Adler
United States Magistrate Judge